WINNEBAGO COUNTY STATE BANK, Appellee, v. D. L. DAVIDSON et al., Appellees; LION BOND & SURETY COMPANY, Intervener, Appellant.

DRAINS: Liability of Contractor—Rights of Surety on Bond—Reimbursement. The surety on a contractor's bond for the construction of a drainage ditch is not entitled to demand or receive as his own the profit or remnant of the contract price in excess of the cost or expense to complete the ditch, as against attaching creditors for debts incurred in the construction of the ditch, and is only entitled to be made whole from the unexpended contract price for the cost of completing the job after the default of the principal:

*Appeal from Winnebago District Court.—J. J. CLARK, Judge.*

## MAY 21, 1919.

ACTION at law. Trial to the court without a jury. The controversy is over conflicting claims growing out of a certain contract for the construction of a drainage ditch. The facts, so far as material, are stated in the opinion. There was a judgment for plaintiff and certain interveners, from which the surety upon the contract appeals.—*Affirmed.*

*Gordon & Osmundson,* for appellant.

*Tom Boynton, Jensen & Jensen, Smith & Rinard,* and *Thompson, Loth & Sifford,* for appellees.

WEAVER, J.—Though counsel for the several parties in this many-sided case have made a laudable effort to state their several claims with precision, we confess to no little difficulty in obtaining a clear idea of what is the matter. Studying the record to the best of our ability, and eliminating from consideration the various claims which have been conceded by all parties, either by pleading or by concession made in the trial below or in the arguments in this court, the remnant of real dispute—if there be any—appears to be reduced to nominal proportions, and the only puzzle is to understand what substantial right or benefit, not already possessed, can accrue to the appellant, should it win a reversal or modification of the judgment appealed from.

It appears without dispute that Davidson was the successful bidder for the construction of a drainage ditch, and that the appellant, Lion Bonding & Surety Company, became his surety on the bond given for the due performance of the contract. Davidson proceeded with the job, in the course of which he became indebted to the Mason City Brick & Tile Company for material used therein to the

amount of $2,100, to secure payment of which he assigned
to said company his right to so much of the compensation
due or to become due to him upon said contract as might be
necessary to pay the debt so contracted. This assignment
was at once filed with the county auditor, through whom
payments on the contract were to be made. During the same
period, Davidson also became indebted to the plaintiff,
Winnebago County State Bank, upon his promissory note
in the sum of $500 and interest, and the further sum of
$100 upon an account for other materials sold him by a
third party, who assigned the claim therefor to said bank.
He was also indebted to some extent to the First National
Bank of Forest City, but its claim is not involved in this
appeal. Without completing the ditch according to con-
tract, Davidson abandoned the job, and the bonding com-
pany, as his surety, undertook to finish it, and had done so,
except a small item of less than $300, to which reference
will be later made. When Davidson abandoned the job,
there was still unpaid on the contract price a remainder of
several thousand dollars. The surety company, having
thereafter assumed the completion of the work and claim-
ing to have performed it, made a statement of its claim for
expenses incurred therein to an aggregate amount which, if
allowed and paid, would leave a surplus or profit of
$2,391.03, which would have been due or payable to David-
son, had he performed his contract. About this time, the
plaintiff, Winnebago County State Bank, brought this ac-
tion against Davidson on its claims above mentioned, and
caused attachment to issue and be served by garnishing Nel-
son, the county auditor, and the bonding company. The
Brick & Tile Company, claiming under its assignment from
Davidson, intervened in the action, asserting a prior right
to the amount of $2,100 in the surplus or profit in the David-
son contract. The Bonding Company also intervened,
claiming that, by the terms of the bond and of the applica-

tion therefor, it had succeeded to all the rights of Davidson under the contract. By a later pleading, however, the Bonding Company expressly disclaimed any right to demand for itself any part or profit or surplus left of the contract price, and the only claim it asserts is to be made secure for any liability, contingent or otherwise, with which it may be chargeable as Davidson's surety. The plaintiff bank concedes the priority of the claim of the Brick & Tile Company, and, under the issues joined by the pleadings, the allowance of neither of said claims (which together are sufficient to exhaust the entire fund) is questioned by the Bonding Company, unless there be a possibility or risk of loss on the bond against which the company should be protected. The abstract of the record is not very full or complete. It appears, however, that the court inquired into the state of the account presented by the surety company for its expenditure in completing the ditch, and into the question whether the work had, in fact, been done.

In addition to the foregoing facts, the showing made upon the garnishments of the auditor and the Bonding Company is substantially as follows: The Bonding Company having, as it alleged, completed the work under the contract, presented the auditor its claim for expenses incurred therefor, aggregating $5,809.25. Among the items making up this account were one of $37.64 for expenses of the company's engineer and a half dozen small charges, aggregating $281.12, on account of claims presented by third persons, which had not been allowed or paid. The county engineer reported the proper completion of the work, as claimed by the company, except as to a slight defect, the remedying of which would be sufficiently secured by withholding $300 of the final payment. Settlement was then had between the parties, by which the auditor allowed and paid to the company the full amount of its demand, $5,809.25, upon its furnishing a bond indemnifying the county or

drainage district against further expenses or liability on account of the admittedly unsettled matters above mentioned. The bond was furnished and money paid.

The trial court, having heard all the evidence, both on the principal issues and upon the garnishments, found that the company was not entitled to withhold payment of the several small items first above mentioned, aggregating $318.62, which sum it was ordered to pay into the hands of the clerk as a debt due to Davidson, and to be applied upon his indebtedness to appellees. It further ordered that the matter of the further sum of $300 withheld by the company be continued until the next term of court, for an accounting by the company as to its expenditure, and ordered payment to the clerk of the residue thus shown to be remaining in the possession of the garnishee, after finishing the contract work. The judgment further established the priority of the claim of the Brick & Tile Company, and next in order, the claim of the plaintiff bank.

The Bonding Company alone appeals, and we think it must be said that the appeal is clearly- without merit. So far as relates to any possible liability on the bond because of the uncompleted condition of the work, it is conceded that the company has in its hands the sum of $300 with which to insure the remedying of a defect the proper cost of which is but a small fraction of that sum, and all that the judgment of the court requires in this respect is that the surety shall see that the work is done, and make due accounting at the next term of the court. There is no pretence that the money in its hands is not ample security against further liability upon that account. Indeed, its own statement of its claim and its receipt of the money from the auditor indicates its satisfaction with the amount. With this item out of the way, we have left for consideration only the further sum of $318.62, of which mention has already been made. This is made up, first, of the sum of

$37.64, claimed by the company for the expense and time of its engineer, agent, or employee, sent to investigate the situation when Davidson failed. The court held that this expense was not properly chargeable to Davidson in the accounting, and to his ruling no exception seems to have been taken. Indeed, such seems to be the situation, also, of the record with respect to the remaining half dozen items aggregating $281.12, being the amount of certain small claims held against Davidson by third persons, but payment of which the surety refused, although it had charged the same in its settlement with the auditor, and had received money which would enable it to satisfy the claims in full. That sum the trial court also required the company, as garnishee, to pay over to the clerk. This order seems to have been eminently proper, and the appellant does not appear to have preserved any exception thereto. There is no evidence whatever that there is outstanding a single dollar of Davidson's unpaid indebtedness for which the surety company is or can be made liable on its bond, or that the contract which that bond secures is now in any respect unperformed, except the mending of a small defect, at a cost of less than $100, for which the appellant is holding $300 of the contract price. All it now has to do is to perform that work, if not already done, and, after paying the expense thereof, account for the remnant in its possession as the court has directed it to do. That being done, the surety will have performed the conditions of its bond, and will have received from the drainage district, out of the contract price for the construction of the ditch, full satisfaction for its expenditures in carrying on the work after Davidson's default. There is no sound theory on which the surety can be held entitled to demand or receive as its own the profit or remnant of the contract price in excess of the cost or expense of completing the job. The argument of counsel in this respect is hardly consistent with the admissions and

disclaimers in the pleadings. There is nothing in the terms of the bond or in the application therefor which entitles the surety to demand more than that it be made whole from the unexpended contract price for the cost of completing the job after the default of the principal. This is fully accomplished in the judgment below, and it is, therefore,—*Affirmed.*

Ladd, C. J., Gaynor and Stevens, JJ., concur.